UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISANA

| | | |
|---|---|---|
| SHARON STAVRE | * | CIVIL ACTION NO.: |
| VERSUS | * | JUDGE: |
| ALLIED TRUST INSURANCE COMPANY | * | MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Sharon Stavre, who files their Complaint for Damages against, Defendant, Allied Trust Insurance Company upon information and belief, respectfully representing the following:

### PARTIES

1.

Made Plaintiff herein is Sharon Stavre, a person of the full age of majority who is domiciled in St Tammany, State of Louisiana.

2.

Made Defendant herein is, Allied Trust Insurance Company ("Allied"), a citizen of Texas and Florida, a foreign insurance company authorized to do and is doing business in the State of Louisiana. Defendant may be served through its Registered Agent for Service of Process the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, La 70809.

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount sought is in excess of the minimum jurisdictional amount of seventy-five thousand dollars ($75,000.00).

4.

The contractual damages, statutory penalties and recovery of attorney's fees and costs sought are greater than the minimum jurisdictional amount of seventy-five thousand dollars ($75,000.00).

5.

Corporations are citizens of both the state(s) they are incorporated in and where their nerve center is located. Hertz Corp. v. Friend, 559 U.S. 77, 77, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029 (2010). Upon information and belief that Allied is incorporated in Texas and holds its corporate nerve center at 4200 W. Cypruss St., Suite 520 Tampa, Florida 33607, making Allied a citizen of both Texas and Florida.

6.

A natural person is a citizen of the state in which he or she is domiciled. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); citing 1 J. Moore, Moore's Federal Practice, § 0.74[1] (1996); e.g., Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.) cert. denied, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974). Plaintiff is domiciled in the State of Louisana, therefore they are a citizen of Louisana.

7.

As Sharon Stavre is a citizen of Louisana and Allied is a citizen of Texas and Florida, complete diversity exists.

8.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana, because the properties that are subject of this action, and where the damages were sustained, occurred within the Eastern District of Louisiana.

9.

This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendants' business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

10.

This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

11.

At all times relevant hereto, Plaintiff owned the property located at 1204 Fairfield Dr Mandeville, Louisiana 70448 (the "Property").

12.

At all times relevant hereto, Allied Trust Insurance Company ("Allied"), provided a policy of insurance, number 774645 (the "Policy"), which covered the Property against various perils, including Hurricane.

13.

On August 29, 2021, the property received significant damage from a Hurricane.

14.

Plaintiff promptly reported the loss to Allied.

15.

On September 19, 2021, Allied inspected the property, identifying $5,267.88 in damage. At the point of making this determination, Allied had concluded their inspection and made a determination that coverage to the property did exist.

16.

On December 08, 2021, Ms. Stavre invoked her right to appraisal, in accordance with the policy.

17.

On December 09, 2021, Allied Trust Insurance Company rejected the appraisal demand advising that there was not a dispute in the amount of the loss.

18.

On January 28, 2022, Pitts Roofing LLC made an estimate on damages to the property of $28,032.84. This was submitted to Allied Trust Insurance Company with appropriate arguments supporting the difference in amount for repairs. This estimate is satisfactory proof of loss.

19.

On February 09, 2022 Seth Scharlach with S3 Construction & Consulting on behalf of Allied Trust Insurance Company completed a reinspection to again assess the value of the loss.

On February 24,2022, Allied Trust Insurance Company made a revised adjustment and published a subsequent estimate identifying $8,090.45 (RCV), resulting in a net supplement payment of $2,910.45 less prior payment and deductible in damages.

20.

On April 30,2022, the Plaintiff again demanded appraisal, naming Michael Deckelman, from Irwin & Associates as the appraiser.

21.

On May 11, 2022, Allied Trust Insurance Company acknowledge receipt of this proof of loss and agreed to participate in the appraisal process by naming their appraiser as Justin Drouant, from Grey-Consulting Group.

22.

On June 01,2023, appraisal set the value of the loss to Ms. Stavre's property at $87,672.14 (RCV).

23.

On June 13,2023 the appraisal award was issued for net payment of $60,217.24.

24.

Plaintiff could not repair the Property without the insurance proceeds, and Plaintiff promptly put Allied on notice of its deficient claims handling.

25.

To date, the Allied has not adequately compensated Plaintiff for their substantial and covered losses.

26.

Allied's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of property.

27.

Plaintiff has incurred and/or will incur additional expenses in making repairs because defendant failed to timely compensate them for their losses under the Policy.

28.

Plaintiff has incurred and/or will incur professional expenses, including attorney's fees, to determine that defendant wrongfully failed to adequately/timely pay on their claims under the Policy.

29.

Defendant failed to make payments within the required statutory timeframes.

30.

Defendant's delay, misrepresentations, breach of contract and failure to properly adjust the claim in good faith caused damage to Plaintiff.

31.

To date, Defendant has not adequately compensated Plaintiff for its substantial and covered losses.

32.

Upon information and belief, Defendant purposely and/or negligently failed to timely tender proceeds due Plaintiff after having received satisfactory proof of loss.

33.

Upon information and belief, Defendant purposely and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

34.

Upon information and belief, Defendant conducted the investigation and claims handling for claims in bad faith and delayed its investigation of exclusions under the policy to cause further delay in the claim.

35.

Plaintiff has incurred and/or will incur additional damages because Defendant failed to timely compensate Plaintiff for their losses under the Policy.

36.

Plaintiff has incurred and/or will incur professional expenses, including attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on her claims under the Policy.

**IV. CAUSES OF ACTION**

**A. Breach of the Insurance Contract**

37.

Plaintiff realleges and re-aver the allegations contained in paragraphs 1-36, above, as if restated herein.

38.

An insurance contract, the Policy, exists between Plaintiff and Defendant.

39.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

40.

Louisiana Revised Statute 22:1893, states "the burden is on the insurer to establish an exclusion under the terms of the policy" and "Any insurer determined to be in violation of the provisions of this Section shall be liable pursuant to R.S. 22:1973." LA Rev Stat 22:1893(B), (D). Defendant did not have reasonable grounds to deny the coverage under the policy.

41.

Even though the Plaintiff provided satisfactory proof of loss, the Defendant did not provide adequate justification or exclusion under the policy as to why they were not paying the claim amount, or alternatively did not tender a reasonable undisputed amount after receipt of satisfactory proof of loss.

42.

By failing to meet their burden to establish an exclusion under the policy and/or delaying their investigation into same, the Defendant breached the contract.

43.

By purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the relevant Policy, including but not limited to duties after loss, exclusions and coverages, Defendant breached the insurance contract.

44.

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

45.

By failing to adequately compensate Plaintiff for damages to the Property, as required by the Policy, Defendant breached the insurance contract.

46.

The appraisal award is presumed valid. St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co. found, "appraisal awards are presumed correct, and a court should not disrupt an appraisal award simply because reasonable minds could differ as to the amount awarded or the methods employed." 681 F. Supp. 2d 748, 759-60 (E.D. La. 2010). Defendant failed to meet their burden before deciding to breach the contract by unilaterally failing to pay the appraisal award in accordance with the policy.

47.

Plaintiff has suffered and continues to suffer damages because of these breaches of the insurance contract.

**B. Bad Faith**

48.

Plaintiff reallege and re-aver the allegations contained in Paragraphs 1-47, above, as if restated herein.

49.

The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

50.

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

51.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973. Satisfactory proof of loss was presented to Defendant in the form of prior estimates, pictures, receipts and a valid appraisal award. Defendant's failure to timely investigate exclusions and pay within the statutory timeframes has caused and continues to cause substantial damages to Plaintiff.

52.

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

53.

Defendant is in violation of La. R.S. § 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with her damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property, independent proofs of loss from Plaintiff, and a valid appraisal award.

54.

La. R.S. § 22:1973.B.(5) states "Misleading a claimant as to the applicable prescriptive period" constitutes a breach of the duty of good faith. Defendant misrepresented to Plaintiff on at least two occasions that they had a 1-year prescription period to file suit which led Plaintiff to believe they would need attorney representation within 1 year.

55.

Defendant's misrepresentation of the terms of the Policy was in bad faith.

56.

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim(s), was in bad faith.

57.

Defendant's handling of claim was in bad faith.

## **V. DAMAGES**

58.

Plaintiff reallege and re-aver the allegations contained in Paragraphs 1-57, above, as if restated herein.

59.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Loss of property;

d. Any covered additional living expenses;

e. Embarrassment and loss of enjoyment of the use of the property;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

60.

**WHEREFORE**, after due proceedings hereon, Plaintiff prays for judgment in its favor against Defendant finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs. Plaintiff further pray for all orders and decrees necessary in the premises, and for full, general and equitable relief.

**Godbey Giardina Law Group**

Respectfully submitted,

Aaron Godbey (38534)
Aaron@g-glawgroup.com
Michael Giardina (39192)
Devlan Melancon (39280)
Dante Cortello (39093)

(985) 590-4650
1381 Fremaux Avenue
Slidell, La 70458

Godbey Giardina Law Group, LLC.
Attorney for Sharon Stavre

**PLEASE SERVE**
Allied Trust Insurance Company
C/O Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, La 70809